IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Ricky Thomas and James Wickett,<br><br>Plaintiffs,<br><br>v.<br><br>David Boren, president of The University of Oklahoma ("OU"); and the following members of the OU Board of Regents: G.T. Blankenship, Stephen F. Bentley, Christy Everest, Paul D. Austin, Tom Clark, Jon R. Stuart, and A. Max Weitzenhoffer; individually and in their official capacities,<br><br>Defendants. | CIV-04-0176-F<br><br>CIV NO.:<br><br>FILED<br>FEB 20 2004<br>ROBERT D. DENNIS, CLERK<br>U.S. DIST. COURT, WESTERN DIST. OF OKLA.<br>BY _____ DEPUTY |

## VERIFIED COMPLAINT

Come now the Plaintiffs, by counsel and pursuant to the Federal Rules of Civil Procedure, and for their causes of action against Defendants aver the following:

I.

## INTRODUCTION

1. This is a civil rights action under 42 U.S.C. § 1983 to protect the constitutional rights of students at The University of Oklahoma ("University"). By policy and practice the University unlawfully restricts these rights, as its policies are facially vague and overbroad, involve content based and viewpoint discrimination, and unconstitutionally restrict student speech. These constitutional defects give rise to both facial and as-applied constitutional challenges to the discriminatory policies.

2. University policy prohibits student organizations from using funds obtained from the University of Oklahoma Student Association ("UOSA") for "[r]eligious services of any nature." ("Policy").

3. Applying this Policy, Defendants have denied the Plaintiffs and their student group called the Beacon OU, the right to use these funds to write, print and distribute a student newspaper containing religious content or viewpoints.

4. The Policy precludes all student organizations from using UOSA fees for religious services of any nature, including speech with a religious content or viewpoint.

5. To redress the irreparable harm that Plaintiffs are suffering, and have suffered, under the University's Policy and practices, Plaintiff seeks a declaratory judgment that the Defendants' Policy violates First Amendment rights on its face and as applied and threatened to be applied to the Plaintiffs and others.

6. Plaintiffs also seek preliminary and permanent injunctive relief to prevent Defendants from further enforcing the challenged Policy in a manner inconsistent with their constitutional rights, and damages.

## II.

## JURISDICTION AND VENUE

7. Jurisdiction for this case is based on 28 U.S.C. §§ 1331, 1343, 1367, 2201, 2002, and 42 U.S.C. §§ 1983 and 1988.

8. Venue is proper under 28 U.S.C. § 1391 in the Western District of Oklahoma because this claim arose there.

## III.

## IDENTIFICATION OF PLAINTIFF

9. Plaintiff Ricky Thomas is and was at all times relevant to this Complaint a resident of the City of Norman, Oklahoma, and a student at the University.

10. Mr. Thomas is president of the student organization, the Beacon OU.

11. Plaintiff James Wickett is and was at all times relevant to this Complaint a resident of the City of Norman, Oklahoma, and a student at the University.

12. Mr. Wickett is a member of the student organization, the Beacon OU.

## IV.

## IDENTIFICATION OF DEFENDANTS

13. Defendant David Boren is and was at all times relevant to this Complaint the president and chief executive officer of the University. Among other things, he and his staff are charged with the responsibility for administering and enforcing the University's policies as they relate to the allocation of funds to student organizations, as well as student speech and expressive activities.

14. Defendant G.T. Blankenship is and was at all times relevant to this Complaint chairman of the Board of Regents of the University. Among other things, he is charged with the responsibility for enacting and enforcing the University's policies as they relate to the allocation of funds to student organizations, as well as student speech and expressive activities.

15. Defendant Stephen F. Bentley is and was at all times relevant to this Complaint vice chairman of the Board of Regents of the University. Among other things, he is charged with the responsibility for enacting and enforcing the University's

policies as they relate to the allocation of funds to student organizations, as well as student speech and expressive activities.

16. Defendant Christy Everest is and was at all times relevant to this Complaint a member of the Board of Regents of the University. Among other things, she is charged with the responsibility for enacting and enforcing the University's policies as they relate to the allocation of funds to student organizations, as well as student speech and expressive activities.

17. Defendant Paul D. Austin is and was at all times relevant to this Complaint a member of the Board of Regents of the University. Among other things, he is charged with the responsibility for enacting and enforcing the University's policies as they relate to the allocation of funds to student organizations, as well as student speech and expressive activities.

18. Defendant Tom Clark is and was at all times relevant to this Complaint a member of the Board of Regents of the University. Among other things, he is charged with the responsibility for enacting and enforcing the University's policies as they relate to the allocation of funds to student organizations, as well as student speech and expressive activities.

19. Defendant Jon R. Stuart is and was at all times relevant to this Complaint a member of the Board of Regents of the University. Among other things, he is charged with the responsibility for enacting and enforcing the University's policies as they relate to allocation of funds to student organizations, as well as student speech and expressive activities.

20. Defendant A. Max Weitzenhoffer is and was at all times relevant to this Complaint a member of the Board of Regents of the University. Among other things, he is charged with the responsibility for enacting and enforcing the University's policies as they relate to allocation of funds to student organizations, as well as student speech and expressive activities.

21. Each defendant is sued in his or her official capacity, and in his or her individual and personal capacity.

## V.

## STATEMENT OF FACTS

*The Policy*

22. The UOSA provides funding for officially recognized student groups on the University campus.

23. The funds are comprised of fees paid by University students.

24. In order to obtain access to this funding, student groups must submit a request, along with a proposed budget each year.

25. Funds are then allocated by the UOSA based upon the Budgetary Committee's analysis of the requests made by student organizations.

26. The allocation of funds to student organizations is summarized in a bill enacted by the UOSA each year.

27. The enacted legislation is then approved by the Board of Regents for the University.

28. Student organizations obtain access to funds allocated to them in a number of ways, including direct payment to third party vendors.

29. The UOSA 2004 Account Handbook ("Handbook") lists the items for which funds can and cannot be used.

30. The Handbook prohibits use of funds for "Religious services of any nature" Under the heading "THE FOLLOWING ITEMS CANNOT BE PURCHASED WITH UOSA OR STATE FUNDS." ("Policy").

31. The University interprets the Policy as prohibiting use of funds for student religious expression.

32. The UOSA will not allocate or distribute money to a student group to pay for any speech with religious content or viewpoints.

*Application to the Plaintiffs*

33. The Plaintiffs are members of a student group called the Beacon OU ("Student Group") that is officially recognized by the University.

34. The primary function of the Student Group is publishing and distributing a student newspaper called the *Beacon OU*.

35. In addition to publishing the *Beacon OU*, the Student Group sponsors seminars and other meetings on topics such as evolution and creationism.

36. The first edition of the *Beacon OU* was printed and distributed on or about October 11, 2002.

37. Since that time, 12 editions of the paper have been printed and distributed to students on the University campus on a monthly basis.

38. Currently, approximately 2,000 copies of the *Beacon OU* are printed and distributed each month.

39. Each edition of the *Beacon OU* states: "The opinions expressed herein are not necessarily those of the University of Oklahoma or its student body."

40. The *Beacon OU*'s main purpose is to share the genuine love of God to the campus while providing news from or with a Christian perspective.

41. The *Beacon OU* prints articles that support life, the traditional family, and religious freedom from a Christian perspective.

42. The *Beacon OU* has published, and will continue to publish editorials by students opposed to Christianity.

43. On or about September 24, 2003 the Plaintiffs submitted a request for funding from UOSA for the Student Group.

44. The budget submitted by the Plaintiffs requested $2,300 to cover the costs of publishing and distributing the *Beacon OU*, as well as sponsoring the showing of two films dealing with creationism and evolution.

45. On or about November 5, 2003 the UOSA passed a budget for student organizations in the form of legislation titled "The Student Organizations Appropriations Act of January 1, 2004 to December 31, 2004." ("Act").

46. The Act allocated $150 to the Plaintiffs' Student Group.

47. This Act was approved by the Board of Regents on or about November, 2003.

48. Another student newspaper called *The Undercurrent* was allocated $4,750 in funds by the Act.

49. *The Undercurrent* has similar distribution to the *Beacon OU*.

50. *The Undercurrent* prints articles on such topics as alternatives to monogamy.

51. Upon learning the Student Group was only allocated $150, the Plaintiffs met with the UOSA Budgetary Committee on or about November 9, 2003.

52. In the meeting with the Budgetary Committee, the chair, Tim Roberts, stated that no funding was provided for the *Beacon OU* because the UOSA is prohibited from funding a religious service.

53. Mr. Roberts also stated in the meeting on November 9, 2003 that the UOSA cannot fund the *Beacon* OU because it is religious propaganda and takes a stance on many issues.

54. Mr. Roberts also stated in a meeting on November 18, 2003 that the $150 that was allocated to the student group was to be used exclusively for showing the films on creationism and evolution.

55. On or about November 20, 2003, Mr. Wickett sent an e-mail to President Boren informing him of UOSA's discrimination against the Student Group, referring him to *Rosenberger v. UVA*, 515 U.S. 819 (1995), and requesting that he investigate the situation.

56. On or about December 3, 2003, Clarke Stroud, Vice President for Student Affairs, responded on behalf of the President in a letter to Ricky Thomas that denied any discrimination on the part of UOSA based upon religious content.

57. On or about December 12, 2003, the Plaintiffs appealed the UOSA's refusal to fund the *Beacon OU* to an ad hoc committee specially set up for that purpose.

58. The ad hoc committee recommended that an additional $500 be allocated to the Student Group.

59. On or about January 25, 2004 a bill appropriating an additional $500 to the Student Group pursuant to the ad hoc committee's recommendation was defeated by the UOSA's Graduate Student Senate.

60. On or about February 4, 2004, Mr. Thomas received a voice mail from the Office of Student Affairs stating that an additional $500 would be would be deposited in the Student Group's account.

61. Mr. Thomas returned the call on or about February 5, 2004 and asked how the Student Group could receive additional money if it was not approved by the UOSA. The assistant who took his call stated that she did not know any details.

62. Upon information and belief, the $500 referred to by the Office of Student Affairs is not part of any UOSA funding.

63. Plaintiffs are suffering irreparable harm from the conduct and challenged Policy of Defendants.

64. Unless and until the conduct and challenged Policy of Defendants are enjoined, Plaintiffs will continue to suffer irreparable harm.

## VI.

## STATEMENT OF LAW

65. At all times relevant to this Complaint, each and all of the acts alleged herein were attributed to the Defendants, acting under the color, authority and pretense of state law, statutes, ordinances, regulations, customs, usages, and policies of the University and the State of Oklahoma.

66. Religious speech is entitled to comprehensive protection under the First Amendment.

67. First Amendment rights of speech, association, and religious freedom extend to campuses of state universities.

68. Defendants' Policy and practice of limiting speech are prior restraints, and grant University officials unfettered discretion in the restriction of expression.

69. Defendants' Policy is unconstitutional on its face and as applied because it is overbroad, and impermissibly restricts student expression.

70. Defendants' Policy limiting speech is unconstitutional on its face and as applied because it is vague and overbroad, impermissibly restricts student expression and association, violates freedom of the press, is a prior restraint, violates freedom of religion, and grants University officials unfettered discretion in the restriction of expression.

71. Plaintiffs are suffering irreparable injury from the challenged Policy and practice of Defendants, which cannot be fully compensated by an award of money damages.

72. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to appropriate relief invalidating the unconstitutional University Policy and practice.

## VII.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE RIGHT TO FREEDOM OF SPEECH UNDER THE UNITED STATES CONSTITUTION

73. Plaintiffs reallege all matters set forth in the preceding paragraphs and incorporate them herein.

74. The Policy and practice of the Defendants constitute a violation of the First and Fourteenth Amendments of the United States Constitution, by among other things,

prohibiting use of student funds to pay for production of a student newspaper with a Christian perspective.

75. Defendants' Policy and practice constitutes an impermissible viewpoint-based and content-based restriction of constitutionally protected expression.

76. The Policy and practice vest unfettered discretion in the Defendants to restrict constitutionally protected expression.

77. The Policy and practice of the Defendants are prior restraints and restrictions on student speech.

78. The Policy and practice are not content-neutral time, place, and manner restrictions on expression. Further, they are not narrowly tailored, do not serve significant government interests, and do not leave open ample alternative channels of communication, as the Constitution requires.

79. Defendants' Policy is vague and overbroad.

80. The Policy and practice restrict students' freedom of association and are not supported by a narrowly tailored compelling state interest.

WHEREFORE Plaintiffs respectfully pray that the Court grant the relief set forth hereinafter in the prayer for relief.

## VIII.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE RIGHT TO FREEDOM OF THE PRESS UNDER THE UNITED STATES CONSTITUTION

81. Plaintiffs reallege all matters set forth in the preceding paragraphs and incorporate them herein.

82. The distribution of written expression is a classic example of the exercise of the right to freedom of the press.

83. No compelling government interest exists to justify the restrictions imposed on such an exercise of the freedom of the press by the Defendants' Policy, practices, and actions, nor is the restriction the least restrictive means available to serve any permissible government purpose intended to be served by Defendants' Policy and practices.

84. Defendants' Policy on its face and as applied imposes a system of prior restraints on the publication and/or circulation of Plaintiffs' printed expression. This system of prior restraints is unconstitutional under the First and Fourteenth Amendments.

85. By their actions, Defendants have violated Plaintiffs' rights to distribute literature expressing his political views.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the relief set forth hereinafter in the prayer for relief.

### IX.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE RIGHT TO DUE PROCESS UNDER THE UNITED STATES CONSTITUTION

86. Plaintiffs reallege all matters set forth in the preceding paragraphs and incorporate them herein.

87. The Policy and practice of the Defendants constitute a violation of the Due Process Clause of the Fourteenth Amendment of the Constitution.

88. Defendants' Policy is vague.

89. Defendants' Policy and practice fail to adequately advise, notify, or inform students of what is prohibited.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the relief set forth hereinafter in the prayer for relief.

## X.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE EQUAL PROTECTION CLAUSE UNDER THE UNITED STATES CONSTITUTION

90. Plaintiffs reallege all matters set forth in the preceding paragraphs and incorporate them herein.

91. Defendants' Policies and practices, on their face and as applied, treat Plaintiffs and other students and student organizations differently from other similarly situated individuals and groups on the basis of the religious content of their speech and religious viewpoint.

92. Defendants do not have a compelling state interest for such disparate treatment of religious expression.

93. Therefore, said conduct of Defendants comprises an unconstitutional and continuing interference and infringement upon the rights of Plaintiffs and other student groups and individuals to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the relief set forth hereinafter in the prayer for relief.

## XI.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE PLAINTIFFS' RIGHT TO FREEDOM OF ASSOCIATION

94. Plaintiffs reallege all matters set forth in the preceding paragraphs and incorporate them herein.

95. By enacting and enforcing highly restrictive speech polices and solicitation guidelines that are vague, overbroad and explicitly and implicitly discriminate on the basis of viewpoint, Defendants, acting under color of state law, have deprived the Plaintiffs and other students of their clearly established right to freedom of association secured by the First Amendment to the Constitution.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the relief set forth hereinafter in the prayer for relief.

## XII.

## SIXTH CAUSE OF ACTION

## IMPOSITION OF UNCONSTITUTIONAL CONDITIONS

96. Plaintiffs reallege all matters set forth in the preceding paragraphs and incorporate them herein.

97. By enacting and enforcing the speech-restrictive regulations outlined above and by banning constitutionally protected speech, Defendants have placed unconstitutional conditions on the receipt of the government benefits of allocation of student fees at a state-supported University.

98. Defendants have deprived Plaintiffs of their clearly established rights to freedom of speech, press, association, and religion secured by the First Amendment to the

Constitution by requiring them to forfeit these rights in exchange for a governmental benefit.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the relief set forth hereinafter in the prayer for relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court:

a.  Declare that the University Policy and practices described in this Complaint are unconstitutional on their face because they violate the rights to freedom of speech, freedom of the press, due process, equal protection, and free exercise of religion, all guaranteed to the Plaintiffs and others under the Constitution of the United States and by operation of federal law;

b.  Declare that the University Policy and practices, described in this Complaint are unconstitutional as applied or threatened to be applied to the activities of Plaintiffs, described in this Complaint, because they violate the Plaintiffs' rights to freedom of speech, freedom of the press, due process, equal protection, and free exercise of religion, all guaranteed to the Plaintiffs and others under the Constitution of the United States and by operation of federal law;

c.  Issue a preliminary and permanent injunction against the Defendants, their agents, officials, servants, employees, and any other persons acting in their behalf, from enforcing said Policy and practice against the Plaintiffs and;

d.  Grant to Plaintiffs an award of actual and nominal damages in an amount deemed appropriate by this Court;

e.	Grant to Plaintiffs an award of their costs of litigation, including reasonable attorneys' fees and expenses; and,

f.	Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 20th day of February, 2004.

Attorneys for Plaintiffs,

ALLIANCE DEFENSE FUND LAW CENTER

| | |
|---|---|
| Benjamin W. Bull+ | Kevin Theriot* |
| Arizona State Bar No. 009940 | Georgia Bar No. 373095 |
| Alliance Defense Fund Law Center | Alliance Defense Fund |
| 15333 N. Pima Road, Suite 165 | Midwest Regional Service Center |
| Scottsdale, Arizona 85260 | 15660 W. 135th Street |
| Phone: (480) 444-0020 | Olathe, Kansas 66062 |
| Fax: (480) 444-0025 | Phone: (913) 829-7755 |
| | Fax: (913) 829-7780 |

_____
Stephen L. Cale
Stephen L. Cale, PLLC
Oklahoma Bar #: 18266
3523 Northwest 36th
Oklahoma City, OK 73112
Phone: (405) 946-7272
Fax: (405) 946-7275

*Application for admission pending
+Motion *pro hac vice* to be submitted

Dated: February 19, 2004

DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

*Ricky Thomas*
Ricky Thomas

Dated: February 19, 2004

DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

*James Wickett*
James Wickett